# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0433V

|  |  |
|---|---|
| MEGHAN ELISABETH MORENO,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: June 13, 2025 |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for Petitioner.

*Tyler King, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 8, 2021, Meghan Elisabeth Moreno filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccine administered on October 4, 2019. Petition, ECF No. 1 at 1. On September 24, 2024, I issued a decision awarding compensation to Petitioner following briefing and Expedited Motions Day argument by the parties. ECF No. 54.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $30,911.44 (representing $30,244.00 for fees and $667.44 in attorney's costs). Petitioner's Application for Attorneys' Fees, filed Mar. 14, 2025, ECF No. 63. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 63-4.

Respondent reacted to the motion on March 17, 2025, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 64. Petitioner has not filed a reply.

The rates requested for work performed through 2025 are reasonable and consistent with our prior determinations, and will therefore be adopted.

I also note this case required additional briefing regarding entitlement (initially) and damages.[3] *See* Petitioner's Motion for Ruling on the Record Regarding Entitlement and Damages, filed Dec. 19, 2023, ECF No. 39; Petitioner's Reply Brief in Support of Damages, filed Mar. 22, 2024, ECF No. 46. Petitioner's counsel expended approximately 13.4 hours drafting the entitlement and damages brief, and 5.1 hours drafting the reply damages brief, for a combined total of 18.5 hours. ECF No. 63-2 at 10-12. I find this time to have been reasonably incurred. (And all time billed to the matter was also reasonably incurred.)

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 63-3. And Respondent offered no specific objection to the rates or amounts sought. ECF No. 64. I have reviewed the requested costs and find them to be reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$30,911.44 (representing $30,244.00 for fees and $667.44 in attorney's costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

---

[3] Respondent initially opposed entitlement as well. *See* Rule 4(c) Report, filed Nov. 9, 2023, ECF No. 36. However, in his response to Petitioner's motion, he conceded entitlement. ECF No. 43.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice

**IT IS SO ORDERED.**

                                                **s/Brian H. Corcoran**
                                                Brian H. Corcoran
                                                Chief Special Master

---

renouncing their right to seek review.